**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 22-6864**

────────────

DANIEL DRAPER,

        Plaintiff - Appellant,

    v.

MS. BARNES, Warden; DR. ONAHA, Medical Doctor; MRS. RAMSEY, Medical Nurse,

        Defendants - Appellees.

────────────

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Timothy M. Cain, District Judge. (9:21-cv-00185-TMC)

────────────

Submitted: April 25, 2023                   Decided: April 27, 2023

────────────

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

────────────

Affirmed by unpublished per curiam opinion.

────────────

Daniel Draper, Appellant Pro Se. Beth Drake, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Draper appeals the district court's order on remand accepting the recommendation of the magistrate judge and dismissing without prejudice Draper's complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to exhaust his administrative remedies. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended granting summary judgment to Defendants and dismissing Draper's claims for failure to exhaust administrative remedies. The magistrate judge advised Draper that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Draper did not object to the report. Thus, the district court accepted the magistrate judge's recommendation and dismissed the action without prejudice.

On appeal from that dismissal order, we concluded that Draper did not receive the magistrate judge's report and recommendation before the district court issued its dismissal order, thus depriving Draper of his right to file objections. Accordingly, we vacated the district court's dismissal order, granted Draper's unopposed motion to remand the case to the district court, and remanded with instructions to serve the magistrate judge's report and recommendation on Draper and to provide him with an opportunity to file objections. *See Draper v. Barnes*, No. 22-6105, 2022 WL 1153252, at *1 (4th Cir. Apr. 19, 2022).

On remand, the district court found that Draper failed to raise specific objections to the magistrate judge's report and accepted the magistrate judge's initial recommendation. The timely filing of specific objections to a magistrate judge's recommendation is

2

necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

Although Draper received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review because the objections were not specific to the particularized legal recommendations made by the magistrate judge.[*] *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Draper's objections could be liberally construed as specifically objecting to the magistrate judge's recommendation regarding exhaustion of administrative remedies, the district court properly denied relief on that basis.